60 361<br>32ap 23

---

MATHIAS SCHENCK AND ANOTHER, APPELLANTS, *v.* ARTHUR B. IRWIN, RESPONDENT.

*Supplementary proceedings — execution — to what county issued — an order to examine a third party is appealable — waiver of an objection to the jurisdiction.*

A judgment recovered in the County Court of Steuben county was docketed there, and an execution thereon was issued to the sheriff of that county, where the defendant then resided, and was returned unsatisfied. The debtor subsequently removed to Chemung county, and while he was residing there supplementary proceedings were taken against a third person as one having property of the judgment-debtor. The affidavit upon which the order was granted did not show that, "at the time of the commencement of the special proceedings," an execution had been issued to Chemung county.

*Held*, that this was necessary in order to give the court jurisdiction.

That the phrase, in subdivision 2 of section 2458 of the Code of Civil Procedure, "If the judgment-debtor is *then* a resident of the State," refers to the time of the commencement of the special proceeding.

That the appearance of such third party before a referee, and his submission to examination, is not a waiver of an objection to jurisdiction.

Such an order affects a substantial right, and is appealable under subdivision 2 of section 2433 of the Code of Civil Procedure.

APPEAL by the plaintiffs, Mathias Schenck and Frank L. Pease, from an order made by Hon. HARLOW HAKES, County Judge of

Steuben county, and entered in the clerk's office of Steuben county on the 10th day of March, 1891, vacating an order made by him on the 2d day of February, 1891, for the examination of Francis Irwin, a third person, in proceedings supplementary to execution.

*L. W. Wellington*, for the appellants.

*Spencer & Mills*, for the respondent.

DWIGHT, P. J. :

The judgment was docketed as a judgment of the County Court of Steuben county, and an execution was issued out of that court to the sheriff of that county, where the judgment-debtor then resided, and was returned unsatisfied. Thereafter the judgment-debtor removed to Chemung county, and while he was residing there, proceedings supplementary to the above execution were instituted before the county judge of Steuben county against the respondent Francis Irwin, who was a resident of that county, as a person having property of the judgment-debtor. He appeared pursuant to the order in those proceedings, and was examined without objection on his part, but subsequently made a motion before the same county judge to vacate the order for his examination. That motion was granted, and from the order of the county judge of Steuben county, so vacating his former order, this appeal was taken.

The objection that the order was not appealable cannot be maintained. The statute (Code of Civ. Pro., § 2433, sub. 2) makes express provision for an appeal from " an order made in the course of the proceedings," " where (as in this case) the execution was issued out of a County Court." This order affected the substantial right of the judgment-creditors to collect their debt out of property of the judgment-debtor in the hands of a third person, and it was not an order, in the discretion of the county judge, especially if it was made, as we may suppose it was, upon the ground that he had no jurisdiction of the proceeding ; but upon that ground we think the order appealed from was properly made and must be affirmed. The affidavit on which the first order was made was sufficient, on its face, to give jurisdiction to the county judge except in one particular. It did not show that the execution described therein had been delivered to the sheriff of the county where the judgment-debtor

resided at the time the affidavit was made and the proceeding commenced. This was required by the provisions of section 2458 of the Code. That section, so far as applicable to this case, is as follows : " In order to entitle a judgment-creditor to maintain either of the special proceedings authorized by this article (and the proceeding in question was one of them), the execution must have been issued * * * either (1) to the sheriff of the county where the judgment-debtor *has, at the time of the commencement of the special proceedings,* a place for the regular transaction of business in person ; or (2) if the judgment-debtor *is then* a resident of the State, to the sheriff of the county where he resides." The affidavit showed that. the execution had been issued to the sheriff of the county where the judgment-debtor did reside when the execution was issued ; but that clearly does not meet the requirement of the provision above quoted. The word " then," in the second subdivision of the section, evidently refers to the " time of the commencement of the special proceeding " mentioned in the first subdivision ; and the use of the present tense of the verbs in the phrases " *has* * * * a place of business," " *is* then a resident," and " where he *resides*," plainly shows that the reference throughout is to the present residence, etc., of the judgment-debtor, at the time the application for the order is made. The effect, therefore, of the provision, as applicable to this case, is that in order to give to the county judge jurisdiction to make the order for the examination of the third person, the affidavit upon which it. is made must show that the execution upon which the proceeding was based had been issued to the sheriff of the county where the judgment debtor then, presently, resided. That fact does not appear by the affidavit upon which the order was granted, and the contrary appeared by the affidavit upon which that order was vacated. This. view of the case is in accordance with the reasoning, if not necessarily involved in the decision, of this court in the case of *Merrill* v. *Allen* (13 N. Y. St. Rep., 20). But we wish to put our conclusion of the want of jurisdiction in the county judge in this case more distinctly upon the ground that the proofs showed that the execution, which was alleged as the basis of the proceeding, was not issued to the county where the judgment debtor resided when the proceeding was commenced.

The objection was not waived by the attendance of the third person before the referee, and his submission to the examination. It was necessary to the validity of his order that the county judge .should have jurisdiction of the subject-matter, and that jurisdiction could not be given by consent.

The order appealed from should be affirmed, but without costs to ·either party against the other.

MACOMBER, J., concurred.

Order appealed from affirmed, without costs of this appeal to ·either party.